# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SOCORRO THOME,

Appellant,

v.

DEPARTMENT OF HOMELAND
SECURITY,

Agency.

DOCKET NUMBER
DA-0752-12-0339-X-1

DATE: August 31, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin L. Owen, Esquire, and Christopher H. Bonk, Esquire, Silver Spring,
Maryland, for the appellant.

Mark W. Hannig, Esquire, El Paso, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1 This case is before the Board pursuant to a compliance initial decision of the administrative judge, finding the agency in partial noncompliance with a settlement agreement. *Thome v. Department of Homeland Security*, MSPB

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Docket No. DA-0752-12-0339-C-1, Compliance File (CF), Tab 13, Compliance Initial Decision (CID); *Thome v. Department of Homeland Security*, MSPB Docket No. DA-0752-12-0339-I-1, Initial Appeal File (IAF), Tab 107, Initial Decision (ID). For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2    On April 9, 2012, the appellant filed an appeal of her removal. IAF, Tab 1. On March 22, 2013, the administrative judge issued an initial decision reversing the removal but finding that the appellant had failed to establish her discrimination and reprisal affirmative defenses. ID at 20-27. The agency and the appellant filed petitions for review, and the agency additionally filed a cross petition for review. *Thome v. Department of Homeland Security*, MSPB Docket No. DA-0752-12-0339-I-1, Petition for Review (PFR) File, Tabs 7, 8, 13. On February 27, 2015, the Board issued an Opinion and Order directing the agency to cancel the removal and retroactively restore the appellant effective April 3, 2012, and pay the appellant the correct amount of back pay, interest on back pay, and other benefits. *Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶¶ 31-33 (2015); PFR File, Tab 29, Opinion and Order. The Board vacated the administrative judge's determination that the appellant failed to prove her sex discrimination affirmative defense and remanded that claim for further adjudication. *Id.*

¶3    On remand, the parties reached a settlement agreement, which "adopted" the Board's February 27, 2015 Opinion and Order and the relief granted therein. *Thome v. Department of Homeland Security*, MSPB Docket No. DA-0752-12-0339-B-1, Remand File (RF), Tab 27. On December 31, 2015, the administrative judge issued an initial decision entering the settlement agreement into the record for enforcement purposes and dismissing the remand appeal. RF, Tab 28, Remand Initial Decision.

¶4    On January 27, 2016, the appellant filed a petition for enforcement.  CF, Tab 1.  On November 23, 2016, the administrative judge issued a compliance initial decision finding that the agency was not in compliance with the Board's February 27, 2015 Opinion and Order, which had been incorporated into the parties' December 2015 settlement agreement.  The administrative judge ordered the agency to:

> (1) submit evidence to show that the appellant's Official Personnel Record has been corrected with regard to within-grade increases; (2) submit evidence to show that the appellant has received the proper amount of back pay, interest on back pay, and other benefits under the Back Pay Act (such evidence must clearly set forth the amounts of overtime and premium pay due and how those amounts were calculated, including evidence that the calculations accounted for within-grade increases); and (3) submit to the Board the name(s) and address(es) of the person(s) responsible for the agency's decision even if the agency believes it is in full compliance.

CID at 9.[2]

¶5    In response to the compliance initial decision, on December 22, 2016, the agency provided documents demonstrating that it had corrected the appellant's Standard Form 50s to reflect step increases; corrected her regular back pay incorporating the step increases; corrected her overtime back pay by analyzing the overtime that the appellant would have received but for the removal using two time periods prior to her removal (July 19, 2009, to March 3, 2010; and July 18, 2010, to March 11, 2011), averaging the overtime hours worked during those two time periods, and applying that amount to calculate appropriate overtime during

---

[2] The compliance initial decision informed the agency that, if it decided to take the actions required by the decision, it must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it has taken the actions identified in the compliance initial decision, along with evidence establishing that it has taken those actions.  CID at 9-10; *see* 5 C.F.R. § 1201.183(a)(6)(i).  The compliance initial decision also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision.  CID at 11; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii).  Neither party petitioned for review of the compliance initial decision.

the back pay period; and provided the names of officials responsible for the corrections. *Thome v. Department of Homeland Security*, MSPB Docket No. DA-0752-12-0339-X-1, Compliance Referral File (CRF), Tab 1 at 4-5.[3] Following the agency's submission, the Office of the Clerk of the Board issued an Acknowledgement Order notifying the parties that a new docket number had been assigned (reflecting the referral of the matter to the Board for a final compliance determination) and notifying the appellant of her right to respond to the agency's submission within 20 days. CRF, Tab 2 at 1-2.

¶6 On January 11, 2017, the appellant challenged the agency's method of computing the overtime back pay amount, stating that the agency incorrectly included in its evaluation a period of five months during which the appellant was pregnant with her son, and as a result, began light duty. CRF, Tab 3 at 5. The appellant also asserted that the agency failed to provide information regarding interest payments on the appellant's back pay, and did not provide an accounting of its payments to the appellant. *Id.* at 5-6.

¶7 On August 16, 2017, the Board issued an order directing the agency to submit evidence and briefing regarding the time periods used to calculate the appellant's overtime back pay; detailed explanations of both the payments made to the appellant's Thrift Savings Plan (TSP) account and the interest included with the back pay payment; evidence of all back pay payments made to the appellant; and an explanation of what amount of back pay was still owed to the appellant, along with a statement regarding the reasons for not yet paying this amount to the appellant. CRF, Tab 4 at 4. In a response on October 16, 2017, the agency summarized payments already made to the appellant, including a base back pay amount of $71,955.84; overtime pay of $3,219.75; interest on the back pay of $5,784.49; apparently separate payments for retroactive within-grade

---

[3] The exact amounts of the appellant's payments were still being processed by the Department of Agriculture at the time of the agency's submission on December 22, 2016. CRF, Tab 1 at 5.

increases (WIGIs) totaling \$16,886.72; and TSP contributions totaling \$14,874.41, and stated: "The only type of payment the Agency believes it could still owe the Appellant would be back pay for overtime, and interest." CRF, Tab 7 at 4, 7.

¶8        On May 31, 2022, the Board issued an order directing the agency to address whether it had:

> (1) paid the appellant, or will pay the appellant by a date certain, all back pay, with interest, owed; (2) ensured that any necessary adjustments to the appellant's TSP contributions have been, or will be, made; and (3) computed the overtime and pay differentials in the appellant's back pay award in accordance with the [] requirements for computing this type of back pay.

CRF, Tab 8 at 5.

## ANALYSIS

¶9        A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id.* In a proceeding to enforce a settlement agreement, the party alleging noncompliance with the agreement has the burden of proof. *Modrowski v. Department of Veterans Affairs*, 97 M.S.P.R. 224, ¶ 7 (2004). However, when an appellant makes specific allegations of noncompliance, it is the agency's burden to produce relevant evidence within its control showing compliance with its agreement or showing good cause for its failure to comply. *Id.*

¶10       Two outstanding issues remain in this compliance matter: the amount of the appellant's back pay and interest, including overtime back pay; and the appellant's TSP contributions. On August 31, 2022, in response to the Board's May 31, 2022 Order, the agency submitted argument and evidence asserting that it had initiated a process to pay the appellant an additional \$32,967 in gross pay

for overtime, resulting in the appellant "earning the highest amount for the relevant year during which she was removed when compared to her other relevant years of employment. . . ." CRF, Tab 14 at 4. The agency stated that to calculate this amount, it had averaged the amount of overtime which the appellant had earned in the year before her removal and the year after she was reinstated, which resulted in an amount of $32,967. *Id.* at 4-5. The agency further asserted that it would withhold 6.86% of the appellant's earnings for each of the 25 pay periods during her removal for her TSP account, and TSP managers would determine the historical gains and losses of the appellant's funds during her removal. *Id.* at 6.

¶11        On September 20, 2022, the appellant responded to the agency's August 31, 2022 submission, noting that the agency's total in overtime back pay did not include a calculation for interest on the back pay, contrary to the Board's order. CRF, Tab 15 at 4-5. The appellant also asserted that in the course of her employment with the agency she had consistently withheld 15% of her gross pay for her TSP contributions, and thus, the agency's calculations of the appellant's TSP withholdings, which assumed that the appellant withheld 6.86% of her pay, were incorrect. *Id.* at 6-7, 9. The appellant requested sanctions based on the agency's noncompliance. *Id.* at 8.

¶12        On September 30, 2022, the agency replied to the appellant's response, stating that it had deposited $14,905.86 of interest into the appellant's bank account, which was calculated in accordance with the Office of Personnel Management's calculation methods. CRF, Tab 16 at 4.[4] The agency also asserted that it would process the desired 15% withholding from the appellant's pay for her TSP account and adjust her TSP account accordingly. *Id.* at 5.

¶13        On November 30, 2022, the agency submitted an update regarding the appellant's TSP adjustments, stating that the agency had communicated with the

---

[4] The agency referred to an attached document to demonstrate its computations, but the attachment appears to have been inadvertently omitted from the agency's submissions. CRF, Tab 16 at 4.

appellant regarding her preferences about the withholdings, and attached the emails between the parties. CRF, Tab 17 at 4. On February 14, 2023, the agency filed another update regarding the appellant's TSP withholdings, asserting that they had been completed in the amount of 15% of her pay and had been applied to the appellant's account, including matching contributions. CRF, Tab 19 at 4. The appellant has not responded to the September 30, 2022; November 30, 2022; or February 14, 2023 submissions from the agency.

¶14    The agency's submissions detail its efforts to pay all back pay owed to the appellant, including the correct amount of overtime pay and interest on the overtime pay, and provide a narrative explanation and evidence in support of its assertions. CRF, Tab 14 at 4-5, Tab 16 at 4. The appellant has not responded to or otherwise rebutted this evidence. We therefore find the agency in compliance with respect to its back pay obligations.

¶15    With respect to the TSP contributions, the agency provided two reports detailing the funds that were applied to the appellant's account in the TSP, and the adjustment of her TSP account to include matching contributions. CRF, Tab 19 at 7-46. Because the agency has demonstrated that it completed the contributions to the appellant's TSP, and the appellant has not produced evidence to the contrary, we find the agency is in compliance with respect to the contributions to the appellant's TSP account.

¶16    Finally, regarding the appellant's September 20, 2022 request for sanctions, we deny the request. The Board's sanction authority is limited to the sanctions necessary to obtain compliance with a Board order. *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65. ¶ 8 (2010) (stating that the Board's ability to award sanctions is a means to enforce compliance, and once compliance has been demonstrated, it would be inappropriate to impose sanctions). Because the agency has complied with the Board's orders, we are without authority to impose sanctions in this matter.

¶17      Accordingly, in light of the agency's evidence of compliance, the Board finds the agency in compliance and dismisses the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.